# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

CASE NUMBER:   25MJ4501-BLM

The person charged as Sean Christopher Sladek now appears before this United States District Court for an initial appearance as a result of the matter having been filed in the United States District Court for the Western District of Texas: Counts 1 and 2 – Wire Fraud, in violation of Title 18 U.S.C. § 1343.

The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 20, 2025

Joshua Metteauer
Task Force Officer
FBI

Reviewed and Approved
Dated: August 20, 2025

David Kete
Assistant United States Attorney

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 1:25-CR-00372-ADA |
| Sean Christopher Sladek | ) |
|  | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Sean Christopher Sladek,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Counts 1 and 2 -- 18 U.S.C. § 1343 –Wire Fraud.

Date: 08/19/2025

*Issuing officer's signature*

City and state: Austin, TX

Mark Lane, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____  Weight: _____

Sex: _____  Race: _____

Hair: _____  Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

[ Print ]   [ Save As... ]                                                                                           [ Reset ]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
August 19, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____kf_____
DEPUTY

**UNITED STATES OF AMERICA**
**Plaintiff**

v

**SEAN CHRISTOPHER SLADEK**
**Defendant**

1:25-CR-00372-ADA

## ORDER FOR BENCH WARRANT AND SETTING AMOUNT OF BAIL

It appearing to the Court that an indictment has been returned against the below named defendant, it is hereby ORDERED that warrant issue for the arrest of said defendant, and bail is hereby fixed in the amount shown below, returnable instanter to the Austin, Texas Division of this Court, such bail to be taken by any United States Magistrate Judge.

| Defendant | Amount of Bail |
|---|---|
| **SEAN CHRISTOPHER SLADEK** | Based upon the request of the U.S. Attorney, it is recommended that the defendant be detained until a hearing pursuant to 18 U.S.C. § 3142 can be held. |

SIGNED at ___Austin___, Texas, this 19th day of ___August___, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

**SEALED**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED
August 19, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ____kf____
                    DEPUTY

**UNITED STATES OF AMERICA**
**Plaintiff**

v

**SEAN CHRISTOPHER SLADEK**
**Defendants**

**INDICTMENT**

[Cts. 1-2: 18 U.S.C. § 1343 – Wire Fraud]

Notice of Government's Demand for Forfeiture

**1:25-CR-00372-ADA**

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. Beginning on or about sometime in 2022, and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant **SEAN CHRISTOPHER SLADEK** devised, intended to devise, and executed a scheme to defraud, and attempted to defraud, one or more individuals out of hundreds of thousands of dollars by convincing the victims that **SLADEK** was a successful securities trader and/or investor and that **SLADEK** would use investment funds for authorized investments. In truth, **SLADEK** was not a successful investor, had previously been convicted of Wire Fraud in federal District Court in Nevada in 2017, and used investor money for his personal gain and benefit.

**SCHEME**

2. **SLADEK**, who resides in California, held himself out to victims as a successful securities trader and investor. He used only his first and middle names, concealing his true identity and his prior conviction from one or more victims. Using his business name, HiLo Ventures LLC, **SLADEK** convinced victims to invest money with him. A "Trading Agreement" he would execute

with victims authorized **SLADEK** to invest victim funds in certain investments. Under the terms of the Trading Agreement, **SLADEK** was only permitted to use victim funds to "purchase, sell, or otherwise trade futures or options." The agreement provided that **SLADEK** would be compensated based on the net profits generated and did not give **SLADEK** permission to take or use victim funds for his personal benefit or to pay for business expenses.

3. VICTIM 1, a resident of Austin, Texas, which is in the Western District of Texas, was introduced to **SLADEK** in around December 2024. **SLADEK** used only his first name, concealing his full identity and past conviction, and represented to VICTIM 1 that he was a successful securities trader and investor. VICTIM 1 executed a "Trading Agreement" with **SLADEK** and authorized **SLADEK** to invest VICTIM 1's funds in certain investments. **SLADEK** was to be compensated based on the net profits generated by the investments.

4. On or about January 6, 2025, VICTIM 1 executed an interstate wire transfer of $250,000 from VICTIM 1's investment account with ETrade from Morgan Stanley, which is headquartered in New York, New York, to **SLADEK**'s business account at University Federal Credit Union (UFCU), which is headquartered in Austin, Texas. Prior to the $250,000 transfer, the UFCU business account had a balance of $15.58. **SLADEK** was the sole authorized signatory on the UFCU business account. That same day, **SLADEK** transferred $25,000 from the business account to his personal account. Prior to the $25,000 transfer, **SLADEK**'s personal account had a balance of $101.83. **SLADEK** then, over a short period of time, used over $20,000 to pay down his credit card debt, to make payments on a car loan, and to withdraw in cash.

5. On or about January 7, 2025, **SLADEK** sent VICTIM 1 a text message falsely claiming to have already generated profits for VICTIM 1 of over $60,000.

6. On or about January 8 and 9, 2025, **SLADEK** withdrew a combined $26,000 in cash from the UFCU business account.

7. On or about January 13, 2025, **SLADEK** transferred another $25,000 from the UFCU business account to his personal bank account. Prior to this transfer, there were no significant deposits into the UFCU business account. **SLADEK** then, on January 13, 2025, obtained a $20,000 cashier's check, which he then deposited into his casino account at The Venetian Casino and Hotel in Las Vegas.

8. On or about January 27, 2025, VICTIM 1, believing **SLADEK** had been successfully investing his/her funds based on **SLADEK**'s representations, executed an interstate electronic transfer of $50,000 from VICTIM 1's investment account with ETrade from Morgan Stanley, which is headquartered in New York, New York, to **SLADEK**'s business account at UFCU, which is headquartered in Austin, Texas.

9. On or about April 30, 2025, knowing VICTIM 1's funds had been depleted, **SLADEK** sent VICTIM 1 a fake quarterly statement showing the funds still existed and falsely representing the investments had been successful. VICTIM 1 became concerned after receiving the fake statement and discovered **SLADEK**'s true identity and prior conviction. When VICTIM 1 requested a return of the investment, **SLADEK** made excuses and failed to return VICTIM 1's money.

10. **SLADEK**'s material false, fraudulent, and misleading statements and omissions included, but were not limited to, the following:

    a. **SLADEK**'s prior success as a securities trader or investor;

    b. **SLADEK**'s ongoing successful investment of victim funds;

    c. **SLADEK**'s omission and concealment of his true identity;

    d. **SLADEK**'s omission and concealment of his prior conviction for Wire Fraud that resulted from a similar investment scheme;

    e. **SLADEK**'s misrepresentation that victim funds would be used for

investment purposes and that **SLADEK** would be compensated from the profits generated by the investments;

   f. **SLADEK**'s misrepresentation that he had successfully invested victim funds and generated substantial profits;

   g. **SLADEK**'s misrepresentation that victim funds had been kept safe and were still in his possession.

  **11.** As of the date of this Indictment, law enforcement has identified approximately $2 million in total victim losses attributable to **SLADEK**'s fraudulent scheme.

**COUNTS ONE AND TWO**
**Wire Fraud**
**[18 U.S.C. § 1343]**

  12. Paragraphs 1 through 11 of this Indictment are realleged and incorporated as though fully set forth herein.

  13. Beginning on or about sometime in 2022, and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere, Defendant,

**SEAN CHRISTOPHER SLADEK,**

having devised and having intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, an investment fraud scheme to acquire and misuse victim investment funds as described above, did knowingly transmit and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce one or more electronic communications constituting a writing, sign, signal, picture, and sound, as described above, for the purpose of executing and attempting to execute said scheme and artifice:

| Count | Date (on or about) | Description of Wire Transmission |
|---|---|---|
| 1 | January 6, 2025 | Interstate wire transfer of $250,000 from VICTIM 1's investment account with ETrade from Morgan Stanley, which is headquartered in New York, New York, to **SLADEK**'s business account at UFCU, which is headquartered in Austin, Texas. |
| 2 | January 27, 2025 | Interstate electronic transfer of $50,000 from VICTIM 1's investment account with ETrade from Morgan Stanley, which is headquartered in New York, New York, to **SLADEK**'s business account at UFCU, which is headquartered in Austin, Texas. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Wire Fraud and Bribery of a Public Official Violation and Forfeiture Statutes
[Title 18 U.S.C. § 1343, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. 2461(c)]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to Defendant **SEAN CHRISTOPHER SLADEK** of its intent to seek the forfeiture of certain property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Title 18 U.S.C. § 981(a)(1)(C) state in pertinent part:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> * * *
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7).

This Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph II.

### III.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violation set forth above for which Defendant **SEAN CHRISTOPHER SLADEK** is solely liable.

### Substitute Assets

If any of the certain property deemed forfeitable, as a result of any act or omission of the Defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2, of any other property (substitute assets) of said Defendant up to the value of the forfeitable property.

A TRUE BILL

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: _____
FOR: KEITH M. HENNEKE
ASSISTANT UNITED STATES ATTORNEY